UNITED STATES DISTSRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DENISE MURRAY,**

    Plaintiff,

vs.                        **CASE NO.:**

**RELIANCE STANDARD LIFE
INSURANCE COMPANY,**

    Defendant.

_____ /

## COMPLAINT

COMES NOW the Plaintiff, DENISE MURRAY, ("Murray"), by and through the undersigned attorney, and sues the Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY ("Reliance") and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3. This Court has venue pursuant to 29 U.S.C. §1132(e). In particular, in ERISA actions, venue is proper where the performance of the Plan terms was to take place. Benefits here were to be paid at Murray's home address in Winter Garden, Florida. See Exhibit "A" attached hereto.

4. Murray is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

5. Murray was an employee of Wyndham Worldwide ("Wyndham" or "Employer") and as such she was insured through a group disability policy issued to Wyndham by Reliance.

6. The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing long term disability ("LTD") benefits.

7. The "Plan" is a welfare benefit plan established under ERISA to provide LTD benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

8. A copy of what purports to be a document describing benefits payable under the Plan is attached hereto as Exhibit "B".

9. Reliance is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Plan.

10. Murray submitted a claim for LTD benefits. Murray's claim was approved and LTD benefits were paid.

11. Via letter dated October 30, 2017, Reliance terminated Murray's LTD benefits.

12. Murray appealed the decision terminating her LTD benefits via letter dated April 20, 2018. Via letter dated July 23, 2018, Reliance reversed its decision and reinstated Murray's LTD benefits. Reliance is presently paying Murray LTD benefits.

13. As part of Murray's appeal dated April 20, 2018, she argued that not only was she entitled to additional LTD benefits based on her medical condition, but she also argued that the amount of LTD benefits being paid was incorrectly calculated.

14. When Reliance reinstated her LTD benefits, it continued to pay LTD benefits using the incorrect benefit amount.

15. Murray attempted to again appeal the decision regarding the LTD benefit calculation after LTD benefits were reinstated via letter dated January 16, 2019.

16. Reliance responded via letter dated January 23, 2019 advising that this issue had previously been appealed and that Reliance issued its final decision on that issue via letter dated April 13, 2017.

17. In this action, Murray seeks only additional LTD benefits based on the calculation of her LTD benefits.

18. With respect to the claims made herein, Murray has exhausted her administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
### (Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))

Murray incorporates the allegations contained in paragraphs 1 through 18 above, and further states:

19. The Plan provided for the payment of LTD benefits in the event Murray became disabled as defined in the Plan. The Plan also provided for the continuation of other benefits in the event of disability. The other benefits are described with particularity in the applicable plan documents for those plans.

20. The Plan also provides a methodology for calculating the LTD benefits due Murray.

21. Murray was and is disabled as defined by the Plan at all times material hereto.

22. Murray made a claim for LTD benefits.  Murray's claim is currently being paid in part.  However, the LTD benefits paid to Murray are incorrectly calculated pursuant to the terms of the Plan.

23. Murray is entitled to additional LTD benefits if LTD benefits were correctly calculated pursuant to the Plan terms.

24. Reliance has failed and refused to pay Murray the additional sums due based on the correct calculation of LTD benefits, breaching the terms of said Plan.

25. Because of the failure to pay LTD benefits pursuant to the terms of the Plan, Murray has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee.  Murray is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Murray, prays for relief from defendant, Reliance for the payment of disability benefits, calculated as detailed in the Plan, reinstatement to all other benefits, including the waiver of premiums as if benefits had never been terminated or denied, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Dated:  <u>March 29, 2019.</u>

<u>     /s/Grgory D. Swartwood     </u>
Gregory D. Swartwood, Esquire
Florida Bar No. 858625
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL  32750
Telephone:  (407) 339-1104
Facsimile:  (407) 339-1118
E-Mail:  gswartwood@nationlaw.com
Attorneys for Plaintiff